IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| MEGAN HOPKINS, | : | Case No. 3:23-cv-00157 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| vs. | : | Magistrate Judge Caroline H. Gentry |
| MERCY HEALTH SPRINGFIELD REGIONAL MEDICAL CENTER, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This matter is before the Court following Plaintiff's failure either to pay the filing fee necessary to commence this action or to submit a properly completed application to proceed *in forma pauperis*. For the reasons set forth below, the undersigned Magistrate Judge recommends that Plaintiff be denied *in forma pauperis* status and that this case be dismissed for failure to prosecute.

Plaintiff initially filed an Application for Leave to Proceed *In Forma Pauperis* on June 9, 2023. ("First Application," Doc. No. 1.) The Court issued a Deficiency Notice and Order informing Plaintiff that because her application omitted necessary information, "the Court is unable to determine whether Plaintiff is, in fact, able to pay the fee to commence this action." (Doc. No. 2, PageID 13.) The Court therefore ordered that, within thirty days, Plaintiff either pay the statutory filing fee or file a *properly completed* application to proceed *in forma pauperis*. (*Id*. at PageID 14.) The Court cautioned Plaintiff as follows: "**FAILURE TO COMPLY WITH THE TERMS OF THIS**

1

**ORDER WILL RESULT IN A RECOMMENDATION THAT THE DISTRICT JUDGE DENY PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS THIS MATTER FOR FAILURE TO PROSECUTE**." (*Id*. (emphases in original).)

On June 23, 2023, Plaintiff filed a second Application to Proceed *In Forma Pauperis*. ("Second Application," Doc. No. 3.) Although it was presumably intended as a response to the Court's Order (Doc. No. 2), Plaintiff's Second Application did not remedy all of the deficiencies in her First Application.

The Court previously advised Plaintiff that in her First Application, "despite checking the box indicating that she is employed, Plaintiff has failed to provide the name and address of her employer or her monthly income as requested." (Doc. No. 2, PageID 13.) In her Second Application, Plaintiff listed the name and address of her employer but again failed to provide her monthly income. (Doc. No. 3, PageID 17.) The Court also advised Plaintiff of another deficiency in her First Application: "Plaintiff indicated that she owns real estate but has not listed the property's value, stating instead 'I don't know.'" (Doc. No. 2, PageID 13.) Plaintiff's Second Application did not correct this deficiency. Instead, Plaintiff again indicated that she owns real estate and responded "IDK" when asked to provide the value of that property. (Doc. No. 3, PageID 18.)

District courts have the power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). *See also Jordan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Though Plaintiff is proceeding *pro se*, the

Supreme Court "[has] never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In the instant case, the Court warned Plaintiff that her First Application was deficient, explained why those deficiencies were fatal to her Application, and warned Plaintiff that if she did not timely remedy those deficiencies, her case would be subject to dismissal. (Doc. No. 2.) Nevertheless, Plaintiff failed to comply with this Court's Order. Accordingly, the undersigned Magistrate Judge **RECOMMENDS** that this matter be dismissed for failure to prosecute. *See, e.g.*, Fed. R. Civ. P. 41(b) (dismissal warranted when plaintiff fails to abide by Rules or to obey court order); *White v. Chanbers-Smith*, 1:21-CV-00214, 2021 U.S. Dist. LEXIS 159487 (S.D. Ohio 2021) (Bowman, M.J.); *Jefferson v. Shaver*, 1:20-CV-00707, 2021 U.S. Dist. LEXIS 195853 (S.D. Ohio 2021) (Bowman, M.J.).

**IT IS SO RECOMMENDED.**

                                                   */s/ Caroline H. Gentry*
                                                   Caroline H. Gentry
                                                   United States Magistrate Judge

<u>Procedure on Objections</u>

If any party objects to this Report and Recommendation (Report), that party may, within fourteen (14) days of the date that this Report was filed, file and serve written objections to specific findings or recommendations along with supporting authority for the objection(s). Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. A District Judge will then

make a *de novo* determination of the portions of the report, findings, or recommendations to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, this Court's findings or recommendations, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are advised that a failure to object to the Report will result in a waiver of a party's right (1) to have the District Judge review the Report *de novo* and (2) to appeal a decision of the District Court adopting the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985); *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981).