UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MEGAN HOPKINS, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:23-cv-157 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | Magistrate Judge Caroline H. Gentry |
| MERCY HEALTH REGIONAL MEDICAL CENTER, | : | |
| | : | |
| | : | |
| Defendant. | | |

ENTRY AND ORDER ADOPTING ORDER AND REPORT AND
RECOMMENDATION (DOC. NO. 23) AND DENYING MOTION/REQUEST
TO SEAL THIS CASE OFF THE INTERNET (DOC. NO. 26) AND DIRECTING
THE CLERK TO TERMINATE THE MATTER

Presently before the Court is Plaintiff Megan Hopkins' ("Hopkins") Motion in Opposition/Objection to the Recommendation for Dismissal ("Objections") (Doc. No. 25) to Magistrate Judge Gentry's Order and Report and Recommendation ("Recommendation") (Doc. No. 23). The Recommendation recommends the Motion to Dismiss on Behalf of Defendant Mercy Health Regional Medical Center ("Motion") (Doc. No. 9) be granted due to a lack of subject-matter jurisdiction and that the matter be dismissed without prejudice. (Doc. No. 23 at PageID 97.) For the reasons explained below, the Objections are **OVERRULED**.

Under Fed. R. Civ. P. 72(b), the district judge is to review *de novo* any portion of a magistrate judge's report and recommendation to which substantial objection has been made. Where matters are referred to the magistrate judge for the exercise of discretion, review is for abuse of discretion. The magistrate judge's findings of fact may be reversed only if clearly erroneous. Errors of law are, however, reviewed *de novo*.

1

The Court has reviewed the findings and conclusions of Magistrate Judge Gentry and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Hopkins has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted for the reasons given.

In particular, Hopkins has failed to establish the prerequisites necessary to establish diversity jurisdiction. Namely, Hopkins own filings admit that she and Defendant Mercy Health Regional Medical Center ("Defendant") are both citizens of Ohio. (Doc. No. 15.) Hopkins, as the Magistrate Judge points out, fails to address whether the amount in controversy exceed $75,000. (Doc. No. 23 at PageID 93-94.) Her sole statement on the amount in controversy requirement is to "leave that up to the honorable court." (Doc. No. 25 at PageID 102.) Hopkin's Objections are overruled as to diversity jurisdiction.

Hopkins' Objections further state that this Court has "Original/Concurrent Federal Question Jurisdiction in this case." (*Id*. at PageID 101.) Hopkins cites the Age Discrimination Act of 1975, Fraud and Intentional Falsification of Records under 49 C.F.R. § 1570.5, and "Federal and State guidelines in terms of patient safety… (see previous documents)[.]" (*Id*.) This case is a wrongful death action that does not include allegations touching upon age discrimination nor does it fall within the ambit of a maritime and surface transportation action under 49 C.F.R. § 1570.5. Moreover, the Court will not entertain Hopkins nebulous objection that "Federal and State guidelines in terms of patient safety" give this Court jurisdiction over this matter. It is the plaintiff's burden to establish the existence of subject-matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Hopkin's Objections are overruled as to federal question jurisdiction.

As this matter will be dismissed, the Court further finds Hopkins' Motion/Request to

Submit Relavant Documentary and Demonstrative Evidence is **MOOT**.

Hopkins finally asks this Court to seal this case. Hopkins states she has been the victim of identity theft and does not wish to have her income listed online. (Doc. No. 26.) "The courts have long recognized, therefore, a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Shane Grp., Inc.*, 825 F.3d at 305 (citing *In re Cendant Corp.*, 260 F.3d 183, 194 (3rd Cir. 2001)). The burden is a heavy one as "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983).

In this case, the document listing Hopkins income is sealed. The Court has reviewed the filings in this case and sees no other personal information that would warrant sealing this case. As the Court has a long history of maintaining open court records and since Hopkins has not met the heavy burden of justifying non-disclosure, the motion to seal is denied.

Hopkins' Motion/Request to Seal this Case Off the Internet (Doc. No. 26) is **DENIED**. Defendant's Motion to Dismiss on Behalf of Defendant Mercy Health Regional Medical Center (Doc. No. 9) is **GRANTED**. This matter will be dismissed without prejudice. The Clerk is **ORDERED** to enter judgment as set forth herein and terminate this matter.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, December 7, 2023.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE