UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MEGAN HOPKINS, : | |
| : | |
| Plaintiff, : | Case No. 3:23-cv-157 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | Magistrate Judge Caroline H. Gentry |
| MERCY HEALTH REGIONAL MEDICAL : | |
| CENTER, : | |
| : | |
| Defendant. | |

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION TO REQUEST TIME TO AMEND THE COMPLAINT (DOC. NO. 30) AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 31)**

Presently before the Court are Plaintiff Megan Hopkins' ("Hopkins") Motion to Request Time to Amend the Complaint ("Motion to Amend") (Doc. No. 30) and Motion for Reconsideration ("Reconsideration") (Doc. No. 31). For the reasons explained below the Court **DENIES** the Motion to Amend and **DENIES** the Motion for Reconsideration.

Hopkins first seeks leave to amend her complaint. Federal Rule of Civil Procedure 15(a) requires that a party amend its pleading "only with the opposing party's written consent or the court's leave," the rule instructs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded") (internal quotation marks omitted). Hopkins Motion to Amend simply states that she has discovered the complaint needs to be amended. (Doc. No. 30.) Even if this case had not already been dismissed, Hopkins' does virtually nothing to explain why justice would require leave to

1

amend in this situation.

Hopkins next asks the Court to reconsider its decision adopting the report and recommendation and dismissing the matter. (Doc. No. 28.) District Courts have the authority under common law and Fed. R. Civ. P. 54(b) to reconsider an interlocutory order prior to final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). However, "'courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Dunham v. Sheets*, No. 1:13-cv-226, 2015 U.S. Dist. LEXIS 61330, at *4, 2015 WL 2194755, at *2 (S.D. Ohio May 11, 2015) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). "[A] court will not find manifest injustice when the moving party simply reargues the issues that were not previously successful." *Nayyar v. Mt. Carmel Health Sys.*, Nos. 2:10–cv–135, 2:12–cv–189, 2014 U.S. Dist. LEXIS 19916, at *7, 2014 WL 619394, at *3 (S.D. Ohio Feb. 18, 2014) (citing *Render v. Forest Park Police Dept.*, No. 1:07-cv-489, 2009 U.S. Dist. LEXIS 61344, 2009 WL 2168783 (S.D. Ohio July 26, 2009)). Hopkins does not cite to a change in the law, but states, "[n]ot all evidence in this case[] was looked at and or considered." (Doc. No. 31.) The basis for the dismissal of this matter was the lack of diversity or federal question jurisdiction. (Doc. No. 28 at PageID 113.) Put simply, the Court does not have jurisdiction to hear the facts of this case. Therefore, Hopkins has not stated any grounds to warrant reconsideration of the Court's prior order.

Consequently, Hopkins' Motion to Request Time to Amend the Complaint is **DENIED** (Doc. No. 30) and Hopkins' Motion for Reconsideration is **DENIED** (Doc. No. 31).

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, January 16, 2024.

                                                s/Thomas M. Rose

                                  _____
                                           THOMAS M. ROSE
                                UNITED STATES DISTRICT JUDGE